IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NISHAY BROWN, Administratrix of the Estate of RAEQUAN STEVENS, dec'd<br><br>vs.<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et al. | No. 16-cv-00271 (CCC)<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, KIMBERLY SCOTT, RN'S REVISED MOTION FOR JUDGMENT ON THE PLEADINGS**

           WEBER GALLAGHER SIMPSON
           STAPLETON FIRES & NEWBY, LLP

By: _____
           Kenneth D. Powell, Jr., Esquire
            Attorney ID # 46540
            kpowell@wglaw.com
           2000 Market Street, 13th Floor
           Philadelphia, PA  19103
           P:  (215) 972-7900
           F:  (215) 564-7699

           Attorneys for Defendant,
           Kimberly Scott, RN

Date: January 30, 2018

## **TABLE OF CONTENTS**

I.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    a.      Plaintiff's Second Amended Complaint Fails To State A
            Claim For Deliberate Indifference To A Serious Medical Need . . . . . . . . . . . . . .5

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                               **PAGE(S)**

Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003)……………………………………………. 5

Bowring v. Godwin, 551 F.2d 44 (4th Cir. 1977)………………………………………………7

Brown v. Borough of Chambesburg, 903 F.2d 274 (3d. Cir. 1990)……………………………. 6

Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855 (E.D. Pa., Oct. 13, 2000)…... 6

Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)…………………….. 5, 8

Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006)………………………………………... 6

Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997)……………….…………………….. 6

Gobert v. Caldwell, 463 F.3d 339 (5th Cir. 2006)……………………………………….…7-8

Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008)…………………………………..……… 6

Inmates of Allegheny County Jail v. Pierce, 612 F. 2d 754 (3d Cir. 1979)……………..…6-7

Iseley v. Dragovich, 236 F. Supp. 2d 472 (E.D. Pa. 2002)……………………………..…. 6

James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007)…………………………….. 6

LaRue v. Gusman, 2010 U.S. Dist. LEXIS 137863, 2010 WL 5524909………………………. 7

Maynard v. New Jersey, 719 F. Supp. 292 (D.N.J. 1989)…………………………………… 7

White v. Napoleon, 897 F.2d 103 (3d Cir. N.J. 1990)……………………………………….. 6

**STATUTES**

   42 .S.C. § 1983…………………………………………………………………… 4, 5, 8, 9

I. **PROCEDURAL HISTORY**

Plaintiff, Nishay Brown, as the Administratrix of the Estate of Raequan Stevens, initiated a combined medical negligence and 42 U.S.C. § 1983 action on April 18, 2016, wherein she alleges that the Defendants were deliberately indifferent to Raequan Stevens' serious medical need by failing to timely diagnose and treat his appendicitis, thereby resulting in his death. At the time of the incident, Mr. Stevens was incarcerated as a pre-trial detainee at Howard R. Young Correctional Institution ("HRYCI"), a prison within the Delaware Department of Corrections.

After significant motion practice, Plaintiff sought leave from the Court to file an amended Complaint. Plaintiff's motion was granted, and Plaintiff thereafter filed a Second Amended Complaint on September 27, 2017. (ECF No. 91). It is within her Second Amended Complaint that Plaintiff first identifies Kimberly Scott, RN as a Defendant. As it applies to Nurse Scott, Plaintiff contends that she – along with the other medical providers – misdiagnosed Raequan Stevens' appendicitis and failed to appreciate the urgency of his medical condition.

Moving Defendant filed an Answer to the Complaint on November 8, 2017, and now moves for Judgment on the Pleadings, asking the Court to dismiss Count II (all federal claims) of the Second Amended Complaint.

II. **STATEMENT OF THE FACTS**

According to the Second Amended Complaint, Raequan Stevens began his incarceration at HRYCI on September 4, 2015. (ECF No. 91, ¶36). At the time of his arrival to prison, Mr. Stevens was a healthy 19 year old, who had recently sustained a gunshot wound to his shoulder. (ECF No. 91, ¶38).

On November 26, 2015, Mr. Stevens reported to emergency sick call secondary to complaints of severe throbbing in his abdomen and chest, which radiated to his stomach and

thighs. (ECF No. 91, ¶40). Plaintiff's decedent was examined at sick call by Kimberly Scott, RN and James Moles, who purportedly prescribed Motrin and Tums, and wrote an "emergency referral" for Mr. Stevens to be seen by a physician. (ECF No. 91, ¶¶40-41, 43). Notwithstanding Nurse Scott's request for an emergency referral, Plaintiff now contends that Mr. Stevens was not emergently seen by a physician. (ECF No. 91, ¶43). As it pertains to Moving Defendant, Plaintiff alleges that Nurse Scott failed to ensure that Mr. Stevens was monitored, treated, or further examined after the November 26, 2015 sick call visit. (ECF No. 91, ¶42).

Two days later, on November 28, 2015, Mr. Stevens was found dead in his cell. (ECF No. 91, ¶¶44-45). An autopsy revealed that Mr. Stevens died of peritonitis caused by a ruptured appendix. (ECF No. 91, ¶46).

### III. ARGUMENT

#### a. Plaintiff's Second Amended Complaint Fails To State A Claim For Deliberate Indifference To A Serious Medical Need.

Plaintiff has alleged that Defendant, Kimberly Scott, RN, acted with deliberate indifference to Raequan Stevens' serious medical need by failing to appreciate the seriousness and urgency of the decedent's medical condition, and failing to ensure that Plaintiff's decedent was closely monitored, examined, and treated following the November 26, 2015 sick call visit. At best, however, Plaintiff has alleged that the medical Defendants misdiagnosed Mr. Stevens' appendicitis, which is not actionable under the Eighth Amendment.

In order to state a claim against a correctional health care provider under 42 U.S.C. §1983, a plaintiff must prove "deliberate indifference to a serious medical need" on the part of the provider. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Subjectively, prison officials must exhibit "deliberate indifference" to those needs. Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003).

It is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103 (3d Cir. N.J. 1990). "The court will not allow plaintiff to substitute his desires and opinions for the professional judgment of prison officials, especially when the law of the circuit makes clear that considerable deference is to be afforded to the judgment of the correctional authorities." Iseley v. Dragovich, 236 F. Supp. 2d 472, 478 (E.D. Pa. 2002). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D. Pa., Oct. 13, 2000) ("courts have consistently rejected Eight Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g., Brown v. Borough of Chambesburg, 903 F.2d 274, 278 (3d. Cir. 1990) ('[A]'s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exact standard, courts have frequently rejected Eighth Amendment claims that are based on the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services.

In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional medical judgment. Inmates of

Allegheny County Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (*quoting* Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)). Additionally, "[a] court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); Maynard v. New Jersey, 719 F. Supp. 292, 295 (D.N.J. 1989).

Here, Plaintiff has acknowledged that he was examined by two medical professionals – including Moving Defendant, Kimberly Scott, RN – who assessed Plaintiff's decedent's complaints and made recommendations for treatment based upon their medical judgment. This included the prescription of Motrin and Tums, and an emergency referral for Plaintiff's decedent to be seen by the onsite physician. Plaintiff acknowledges within her Second Amended Complaint that the physician, Dr. Allen Samuels, was onsite that day; however, it remains unclear from the pleading why Mr. Stevens was not seen by Dr. Samuels prior to his death two days later.

The issue of whether a medical provider failed to timely diagnose appendicitis is not a novel one. In LaRue v. Gusman, 2010 U.S. Dist. LEXIS 137863, *14-16, 2010 WL 5524909, the Louisiana Eastern District Court found no deliberate indifference by the treating physician where the inmate patient was diagnosed with an upset stomach, and prescribed Pepto-Bismol, only to later be diagnosed with a ruptured appendix. Citing to Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (internal citations omitted), the LaRue Court explained:

> [T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Deliberate indifference is an extremely high standard to meet.

Similar to <u>LaRue</u>, no such showing has been pled in the Second Amended Complaint. To the contrary, Nurse Scott is alleged to have seen Mr. Stevens on only one occasion, at which time she examined the patient and made treatment recommendations based upon his presentation. Plaintiff does not contend that Mr. Stevens returned to sick call complaining of continued abdominal pain. Moreover, the Complaint does not suggest that Nurse Scott was aware of Mr. Stevens' continued complaints, nor does it state that Nurse Scott aware that the physician failed to see Mr. Stevens in response to her emergency referral.

At best, Plaintiff has alleged that Nurse Scott failed to properly diagnose Mr. Stevens as having appendicitis and/or other serious medical condition that required urgent medical attention. However, the mere misdiagnosis of a condition does not support a claim for deliberate indifference to a serious medical need. <u>Estelle</u>, 429 U.S. at 106. As Plaintiff's claims do not constitute deliberate indifference to a serious medical need, they are not actionable under 42 U.S.C. §1983, and Count II of Plaintiff's Second Amended Complaint must be dismissed with prejudice.

## IV. CONCLUSION

Plaintiff's Second Amended Complaint fails to set forth facts sufficient to support any viable 42 U.S.C. § 1983 claim against Defendant, Kimberly Scott, RN. Therefore, Moving Defendant respectfully requests that this Honorable Court enter the Order provided herewith and dismiss Count II of Plaintiff's Second Amended Complaint with prejudice.

          Respectfully submitted,

          WEBER GALLAGHER SIMPSON
          STAPLETON FIRES & NEWBY, LLP

By: _____
          Kenneth D. Powell, Jr., Esquire
            Attorney ID # 46540
            kpowell@wglaw.com
          2000 Market Street, 13th Floor
          Philadelphia, PA  19103
          P:  (215) 972-7900
          F:  (215) 564-7699

          Attorneys for Defendant,
          Kimberly Scott, RN

Date: January 30, 2018

## **CERTIFICATE OF SERVICE**

Kenneth D. Powell, Jr., Esquire hereby certifies that on this date true and correct copies of the foregoing Revised Motion for Judgment on the Pleadings was served via electronic filing, upon all counsel.

                                    **WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: _____
       Kenneth D. Powell, Jr., Esquire
        Attorney ID # 46540
        kpowell@wglaw.com

       2000 Market Street, 13th Floor
       Philadelphia, PA  19103
       P:  (215) 972-7900
       F:  (215) 564-7699

       Attorneys for Defendant,
       Kimberly Scott, RN

Date: January 30, 2018